IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLOUNT, INC.                                         Civil No. 06-398-AA
a Delaware corporation,                                OPINION AND ORDER

       Plaintiff,

    vs.

RICHARD G. PETERSON dba
GEM CHAIN BAR, an Idaho
sole proprietorship,

       Defendant.

_____

David Axelrod
Christopher J. Lewis
Patchen M. Haggerty
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center Suite 1600-1900
1211 S.W. Fifth Avenue
Portland, Oregon 97204-3795
    Attorneys for plaintiff

Kenneth P. Dobson
The Dobson Law Firm, LLC
1000 S.W. Broadway Avenue, Ste. 2400
Portland, Oregon 97205-3054

Ken J. Pedersen
Pedersen & Co., PLLC

Page 1 - OPINION AND ORDER

1410 N. 28th Street
Boise, Idaho 83703
     Attorneys for defendant

AIKEN, Judge:

     Pursuant to Fed. R. Civ. P. 12(b)(1), defendant moves to
dismiss this lawsuit alleging the court lacks subject matter
jurisdiction.  Plaintiff responds with a motion to amend its
complaint.  Plaintiff's motion to amend is granted, defendant's
motion to dismiss is denied as moot.

BACKGROUND

_____Plaintiff filed a breach of contract claim requesting the
court enter a declaratory judgment against the defendant.  28
U.S.C. § 2201.  Specifically, plaintiff asks this court to
construe and interpret the terms of a Settlement Agreement and
Mutual Release executed by the parties.  The Settlement Agreement
settled claims in an underlying lawsuit brought by plaintiff
against the defendant in the United States District Court for the
District of Idaho alleging infringement of a patent.  Plaintiff
now alleges that defendant has failed to pay plaintiff the
negotiated amounts due under the Settlement Agreement.

     Plaintiff requests an award of $59,000, plus interest at 4%
per annum from July 28, 2004.  Second Amended Complaint, p. 7.
Defendant alleges that the requisite amount in controversy does
not exist and therefore, this court lacks subject matter
jurisdiction over plaintiff's complaint.

Page 2 - OPINION AND ORDER

DISCUSSION

Plaintiff responds to defendant's motion to dismiss for lack of subject matter jurisdiction with a motion for leave to amend its complaint.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts are to apply this policy "with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Application of this policy, however, is subject to the qualification that the amendment not cause the defendant undue prejudice, is not sought in bad faith, is not futile, nor has there been undue delay by the plaintiff. Bowles v. Reade 198 F.3d 752, 757-78 (9th Cir. 1999). These factors, however, do not merit the same weight. Eminence Capital, 316 F.3d at 1051. Undue delay alone is not sufficient to deny leave to amend. Bowles, 198 F.3d at 758. See also, Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973)(reversal of denial of motion for leave to amend where, in addition to undue delay, trial court failed to make a contemporaneous finding of prejudice, bad faith or futility).

Here, a responsive pleading on the merits has not yet been filed, nor has discovery commenced. In fact, the parties have agreed to stay any Rule 26 conference pending a decision by this court on the motions at bar. Thus, permitting an amendment to the complaint at this stage of the litigation to clarify the

basis for plaintiff's request for declaratory relief will not cause any undue delay in the litigation.

The critical factor for the court to consider is whether the nonmoving party has experienced any undue prejudice. Howey, 481 F.2d at 1190. Further, the nonmoving party "bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton 833 F.2d 183, 187 (9th Cir. 1987). There is a strong presumption under Rule 15(a) in favor of granting leave to amend if there is no prejudice or a strong showing of the other factors. Eminence Capital, 316 F.3d at 1052. Significantly, defendant here does not allege any prejudice whatsoever from the proposed amendment.

Moreover, defendant does not contend that plaintiff has acted with undue delay, bad faith, or dilatory motive. Defendant alleges only that plaintiff's proposed amendment is futile. Defendant's Opposition to Plaintiff's Motion for Leave to Amend, p. 2-3. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. Sweaney v. Ada County, 119 F.3d 1385, 1393 (9th Cir. 1997)(internal quotation omitted).

Plaintiff's pleadings set forth facts in the proposed Amended Complaint sufficient to constitute a claim for declaratory judgment and breach of contract, including meeting the amount in controversy requirement of $75,000. Plaintiff

Page 4 - OPINION AND ORDER

intends to amend its complaint to prevent a subsequent claim by
defendant for reimbursement of $48,418.54 in attorneys' fees and
costs that defendant allegedly expended in defending the patent
infringement action underlying the Settlement Agreement.
Defendant concedes that it has demanded that plaintiff reimburse
defendant those attorneys' fees and costs. Plaintiff argues that
this obligation is properly considered in determining the amount
in controversy, which then exceeds the $75,000 amount required by
28 U.S.C. § 1332(a)(1), and thus provides this court with
diversity jurisdiction over plaintiff's claims.

     These allegations are not futile and create issues of fact
that should be litigated in the proper context. Moreover, I note
that the "purpose of pleadings is to facilitate a proper decision
on the merits . . . and not to erect formal and burdensome
impediments in the litigation process. Unless some undue
prejudice to the opposing party will result, a trial judge should
ordinarily permit a party to amend its complaint." Howey, 481
F.2d at 1190 (internal quotations and citations omitted. Given
the standard in this Circuit, that leave to amend is to be
applied with "extreme liberality," particularly where, as here,
there is a lack of prejudice to the opposing party, the amended
complaint is not frivolous, nor is it made as a dilatory maneuver
in bad faith, it is appropriate to allow the amended complaint.

     I find that because plaintiff seeks to prevent a subsequent

Page 5 - OPINION AND ORDER

claim for reimbursement of attorneys' fees and costs in the amount of $48,418.54 that defendant paid in defending the patent infringement lawsuit underlying the Settlement Agreement, and because these fees arise under a statute authorizing an award of attorneys' fees, this obligation is properly considered in determining the amount in controversy.  Therefore, defendant's claim for reimbursement of $48,418.54 in addition to the $54,000 that plaintiff seeks to recover from defendant pursuant to the Settlement Agreement results in a total of $107,418.54, an amount well over the floor of $75,000, the amount required by 28 U.S.C. § 1332(a)(1).

<u>CONCLUSION</u>

Plaintiff's motion to amend its complaint (doc. 10) is granted.  Further, defendant's motion to dismiss for lack of subject matter jurisdiction (doc. 8) is denied as moot. Plaintiff's request for oral argument is denied as unnecessary. IT IS SO ORDERED.

Dated this  19   day of July 2006.


        /s/ Ann Aiken
                Ann Aiken
        United States District Judge



Page 6 - OPINION AND ORDER