IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLOUNT, INC.
a Delaware corporation,

        Plaintiff,

   vs.

RICHARD G. PETERSON dba
GEM CHAIN BAR, an Idaho
sole proprietorship,

        Defendant.

Civil No. 06-398-AA
ORDER

AIKEN, Judge:

    Pursuant to Fed. R. Civ. P. 12(b)(1), defendant moves again to dismiss this lawsuit alleging the court lacks subject matter jurisdiction. Plaintiff responds with a motion to strike defendant's motion to dismiss. Defendant has also filed a motion for protective order. Defendant's motion to dismiss is denied, plaintiff's motion to strike is denied as moot, and defendant's motion for protective order is granted.

Page 1 - ORDER

BACKGROUND

Plaintiff filed a breach of contract claim requesting the court enter a declaratory judgment against the defendant. 28 U.S.C. § 2201. Specifically, plaintiff asks this court to construe and interpret the terms of a Settlement Agreement and Mutual Release executed by the parties. The Settlement Agreement settled claims in an underlying lawsuit brought by plaintiff against the defendant in the United States District Court for the District of Idaho alleging infringement of a patent. Plaintiff brought suit before this court alleging that defendant has failed to pay plaintiff the negotiated amounts due under the Settlement Agreement.

Plaintiff initially requested an award of $59,000, plus interest at 4% per annum from July 28, 2004. See Second Amended Complaint, p. 7. Defendant moved to dismiss plaintiff's second amended complaint alleging that this court lacked subject matter jurisdiction over plaintiff's complaint. Plaintiff was subsequently granted leave to amend its complaint, doc. 21, and filed a third amended complaint. See Doc. 22.

STANDARDS

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. Litchfield v.

Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff's third amended complaint sets forth facts sufficient to constitute a claim for declaratory judgment and breach of contract, including meeting the amount in controversy requirement of $75,000. Plaintiff amended its complaint to prevent a subsequent claim by defendant for reimbursement of $48,418.54 in attorneys' fees and costs that defendant allegedly expended in defending the patent infringement action underlying the Settlement Agreement. Defendant concedes that it has, in fact, demanded that plaintiff reimburse defendant those attorneys' fees and costs. Therefore, considering the $48,418.54 attorney fee obligation in addition to plaintiff's initial $59,000 demand, the amount in controversy exceeds the $75,000 jurisdictional floor required by 28 U.S.C. § 1332(a)(1), and thus provides this court with diversity jurisdiction over plaintiff's claims.

Specifically, I find that because plaintiff seeks to prevent a subsequent claim for reimbursement of attorneys' fees and costs in the amount of $48,418.54 that defendant paid in defending the

Page 3 - ORDER

patent infringement lawsuit underlying the Settlement Agreement, and because these fees arise under a statute authorizing an award of attorneys' fees, this obligation is properly considered in determining the amount in controversy. Therefore, the attorney fee claim for reimbursement in the amount of $48,418.54, in addition to the $59,000 that plaintiff seeks to recover from defendant pursuant to the Settlement Agreement results in a total of $107,418.54, an amount well over the floor of $75,000, the amount required by 28 U.S.C. § 1332(a)(1).

## CONCLUSION

Defendant's motion to dismiss plaintiff's third amended complaint (doc. 24) is denied. Plaintiff's motion to strike defendant's motion to dismiss (doc. 26) is denied as moot. Plaintiff's request for oral argument on this motion is denied as unnecessary. Further, defendant's motion for protective order (doc. 29) is granted as follows: plaintiff's discovery requests served upon the defendant are to be considered actually served upon the parties' receipt of this Order.

IT IS SO ORDERED.

Dated this 4 day of October 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge