'

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLOUNT, INC.                                    Civil No. 06-398-AA
a Delaware corporation,                            OPINION AND ORDER

       Plaintiff,

   vs.

RICHARD G. PETERSON dba
GEM CHAIN BAR, an Idaho
sole proprietorship,

       Defendant.

_____

David Axelrod
Christopher J. Lewis
Patchen M. Haggerty
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center Suite 1600-1900
1211 S.W. Fifth Avenue
Portland, Oregon 97204-3795
    Attorneys for plaintiff

Kenneth P. Dobson
The Dobson Law Firm, LLC
1000 S.W. Broadway Avenue, Ste. 2400
Portland, Oregon 97205-3054

Ken J. Pedersen
Pedersen & Co., PLLC

Page 1 - OPINION AND ORDER

1410 N. 28th Street
Boise, Idaho 83703
        Attorneys for defendant

AIKEN, Judge:

        Pursuant to Fed. R. Civ. P. 56(b)(1), plaintiff moves for
summary judgment on its claims for declaratory relief and breach
of contract.  Defendant cross-moves for summary judgment on
plaintiff's claims.  Plaintiff also moves for leave to file an
amended complaint.  Plaintiff's motion for summary judgment is
granted, defendant's cross-motion for summary judgment is denied.
Plaintiff's motion for leave to file an amended complaint is
granted.

<u>BACKGROUND</u>

        Plaintiff filed a breach of contract claim requesting the
court enter a declaratory judgment against the defendant.  28
U.S.C. § 2201.  Specifically, plaintiff asks this court to
construe and interpret the terms of a Settlement Agreement and
Mutual Release executed by the parties in July 2004.  The
Settlement Agreement settled claims in an underlying lawsuit
brought by plaintiff against the defendant in the United States
District Court for the District of Idaho alleging infringement of
a patent.  Plaintiff was injured by defendant in an amount more
than $200,000, however, plaintiff agreed to dismiss the patent
lawsuit in exchange for a settlement amount of $69,000.
Plaintiff agreed to accept a significantly reduced settlement

Page 2 - OPINION AND ORDER

amount because defendant was on the verge of bankruptcy.  The parties also agreed to and the court issued a consent decree declaring the patents to be valid and infringed.

Plaintiff now alleges that defendant has failed to pay plaintiff the negotiated amounts due under the Settlement Agreement.  Plaintiff therefore requests an award of $59,000, plus interest at 4% per annum from July 28, 2004.

Defendant moved to dismiss plaintiff's second amended complaint alleging that this court lacked subject matter jurisdiction over plaintiff's complaint.  Plaintiff was subsequently granted leave to amend its complaint, and filed a third amended complaint.  Defendant moved again to dismiss plaintiff's third amended complaint.  On October 5, 2006, that motion was denied by this court.  Defendant then filed a motion for "amendment/correction" which this court construed as a motion for reconsideration, and on December 4, 2006, denied.

<u>STANDARDS</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Substantive law on an issue determines the materiality of a fact.  <u>T.W. Electrical Service, Inc. v. Pacific Electrical</u>

Page 3 - OPINION AND ORDER

<u>Contractors Assoc.</u>, 809 F.2d 626, 630 (9th Cir. 1987).  Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  <u>Id.</u> at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>T.W. Electrical</u>, 809 F.2d at 630.

<u>DISCUSSION</u>

I.  <u>Cross-Motions for Summary Judgment</u>

Plaintiff moves for summary judgment asserting that the Settlement Agreement between the parties is valid and enforceable, that defendant has breached the Agreement and that plaintiff is entitled to specific performance, or in the alternative, an award of damages.

I find that the Settlement Agreement at issue here is valid and enforceable.  Under the terms of the Settlement Agreement, Oregon law governs in this case.  Settlement Agreement, ¶ 13. Settlement agreements are subject to the ordinary rules of contract construction.  Ristau v. Wescold, Inc., 318 Or. 383, 387, 868 P.2d 1331 (1994).  Further, in a diversity action, as here, the substantive law of the forum state applies.  "In determining whether a contract exists, and what its terms are, we examine the objective manifestation of intent, as evidenced by the parties' communications and acts."  Real Estate Loan Fund v. Hevner, 76 Or. App. 349, 354, 709 P.2d 727, 730-31 (1985)(internal citations omitted).  Moreover, "an enforceable contract is formed by a clear and unequivocal acceptance of a certain and definite offer."  Estey & Assoc., Inc. v. McCulloch Corp., 663 F.Supp. 167, 173 (D. Or. 1986).  Here, there is no dispute that the contract is unambiguous, contains the essential terms, and was agreed to by the parties with the advice of legal counsel.

The parties here each signed the Settlement Agreement and filed a Stipulation of Dismissal with the Idaho District Court representing that the case had been settled.  See Settlement Agreement, Ex. G to Lewis Dec. ("Stipulation of Dismissal"). Further, the court notes that defendant admits in its Answer that the parties settled the infringement litigation, that defendant

executed and is a party to the Settlement Agreement, and that the settlement amount agreed upon was $69,000.  These facts are undisputed.

The Agreement provides for an initial payment by defendant to plaintiff of $10,000.  There is no dispute that this payment was timely made.  Paragraph 1 of the Agreement further sets forth a payment mechanism, providing for incremental payments by defendant (plus interest of 4% per annum), based on the number of certain chain saw or chain saw bars that defendant sold until the total settlement amount of $69,000 is fully paid.  If no production bars are made and sales of custom bars do not exceed 40 in a given calendar year, no payment is required.  Both parties acknowledge that the underlying purpose of this payment option was to accommodate defendant's purported financial instability.  Paragraph 2 of the Agreement provided that defendant may, in the alternative, satisfy its payment obligation at any time by paying the balance of the settlement amount plus interest of 4% per annum.  Pursuant to Paragraph 3 of the Agreement, defendant agreed to provide annual reports to plaintiff setting forth its sale of chainsaw bars and/or sprockets that it purchased from third party manufacturers during the remaining life of the Patents so that plaintiff could monitor compliance with the payment plan.

There is no dispute that defendant has failed to provide the

sales information required by the Agreement and, if it reached the threshold level of sales, to make the payment against its obligation.  As a matter of law, plaintiff has met its burden of proof on its claims for breach of contract and for a declaration that the Settlement Agreement is valid and enforceable. Moreover, defendant fails to dispute any of the facts or law established by plaintiff in this regard.  I therefore find that defendant's failure to perform its obligations constitutes a breach of the Settlement Agreement and grant plaintiff's motion for summary judgment.

The burden now shifts to defendant to prove its affirmative defense of patent misuse.  Defendant argues specifically that the Settlement Agreement is unenforceable under the equitable doctrine of patent misuse.  Patent misuse generally arises when a patentee uses the leverage of its patent rights to condition the grant of a patent license upon acceptance of terms that extend the scope of the patent.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969), rev'd on other grounds, 401 U.S. 321 (1971).  In a case relied on by defendant, the court states that, "the crux of this defense is that [plaintiff] knew the patent was invalid or unenforceable at the time it filed this action.  In addition, a party asserting a defense of patent misuse must show that the patentee has impermissibly broadened the 'physical or temporal scope' of the patent with

Page 7 - OPINION AND ORDER

anticompetitive effect."  Advanced Cardiovascular Systems, Inc.
v. Scimed Systems, Inc., 1996 WL 467277 (N.D. Cal. 1996)

I find no evidence that the doctrine of patent misuse
applies here.  Specifically, I find no evidence of 'broadening of
the physical or temporal scope of the patents' and that any such
broadening was impermissible; or any evidence of an
anticompetitive effect.  Notably here, the Settlement Agreement
does not grant a patent license.  Therefore, I find no
conditioning of a license based on any activity falling outside
the scope of plaintiff's patents.  I further find no evidence
that this Agreement was "conditioned" on the inclusion of
provisions extending the scope and term of plaintiff's patents.

The Settlement Agreement at bar simply sets forth the
voluntary agreement between the parties to resolve plaintiff's
claims for defendant's past patent infringement.  The Settlement
agreement recites that plaintiff has suffered $200,000 in past
damages from defendant's infringement, establishes an amount,
$69,000, to be paid to plaintiff in satisfaction of these past
damages, and, clearly sets forth a mechanism for payment of
defendant's debt.  Put another way, the Settlement Agreement
simply fixes a schedule for the payment of damages solely with
respect to defendant's past infringement of plaintiff's patents,
and the amount ultimately paid is limited to the amount of such
past damages regardless of how many products defendant sells in

the future.  So that defendant's debt accrued during the life of the patents and was based solely on its past sale of admittedly infringing products within the scope of the patents.  The parties have not identified, nor has this court found, any case that supports finding a settlement payment plan to constitute patent misuse, especially when, as here, the agreement provides the defendant with the ability to satisfy the outstanding debt at any time.[1]  Similarly, the court has not located any authority that patent misuse may be found on the basis of a reporting requirement enabling a patentee to guard against continued infringement and monitor compliance with the Settlement Agreement and the Consent Decree.  Particularly where, as here, the reporting requirement terminates upon expiration of the patents and therefore by its express terms does not extend beyond the life of the patents.

Moreover, I find no facts suggesting the Settlement Agreement was an "impermissible broadening" of the patents, or the result of any "conditioning" or improper leveraging of

---

[1] Defendant's reliance on Scheiber v. Dolby Labs, Inc., 293 F.3d 1014 (7th Cir. 2002), to support its position that the Settlement Agreement here constitutes patent misuse, is misplaced.  There, the court addressed a license that calculated royalties due based on future sales of products occurring *after the expiration* of the patent terms.  Here, the Settlement Agreement does not seek to extend the life of the patents.  No royalty is calculated based on any post patent term sales.  In fact, all payments owed under the Settlement Agreement are for damages incurred by the *past sale* of infringing products, occurring during the terms of the Patents.

Page 9 - OPINION AND ORDER

plaintiff's patent power.  See Zenith Radio Corp., 395 U.S. at
135 (patent misuse requires "conditioning" the grant of a patent
license upon the inclusion of a term reaching beyond the scope of
the patent).  Here, defendant admits that the reason for the
payment plan was for defendant's benefit, due to defendant's
inability to pay the outstanding balance in full.  Where a
provision is agreed to for the parties' convenience or
efficiency, there is simply no conditioning and therefore no
patent misuse.  Id.  Moreover, the amount to be paid here is
limited to the amount of the past damages no matter how many
products are sold by defendant.

II. Plaintiff's Motion for Leave to Amend its Complaint

    Plaintiff moves for leave to amend its complaint to add a
claim for fraud in the inducement, based on newly discovered
facts.

    Leave to amend "shall be freely given when justice so
requires."  Fed. R. Civ. P. 15(a).  Courts are to apply this
policy "with extreme liberality."  Eminence Capital, LLC v.
Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).  Application
of this policy, however, is subject to the qualification that the
amendment not cause the defendant undue prejudice, is not sought
in bad faith, is not futile, nor has there been undue delay by
the plaintiff.  Bowles v. Reade 198 F.3d 752, 757-78 (9th Cir.
1999).  These factors, however, do not merit the same weight.

Eminence Capital, 316 F.3d at 1051.  Undue delay alone is not
sufficient to deny leave to amend.  Bowles, 198 F.3d at 758. See
also, Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.
1973)(reversal of denial of motion for leave to amend where, in
addition to undue delay, trial court failed to make a
contemporaneous finding of prejudice, bad faith or futility).

    While this action was initially filed in March 2006, the
defendant filed its Answer on February 5, 2007.  The delay was
due primarily to the defendant's repeated challenges to this
court's jurisdiction over the parties and subject matter.  On
March 22, 2007, a discovery conference was held before Judge
Coffin where defendant allegedly admitted the facts that form the
basis for plaintiff's additional cause of action.  As stated
above, the parties agreed to settle a patent infringement lawsuit
brought by plaintiff against defendant in July 2004.  The
resulting Settlement Agreement provided that plaintiff agreed to
dismiss the patent lawsuit in exchange for a settlement amount of
$69,000.  Defendant now argues the Agreement is invalid for
patent misuse.  Plaintiff asserts that at the discovery
conference before Judge Coffin defendant revealed that it never
intended to honor the Settlement Agreement.  Rather, defendant's
plan, as stated on the record before Judge Coffin was to enter
into the Settlement Agreement so that the lawsuit would be
dismissed with prejudice; refuse to pay the settlement amount

based on the legal theory of patent misuse; demand nearly $50,000 to cover defendant's attorney fees from the underlying patent lawsuit; and contend that the underlying patent suit that was dismissed pursuant to the Settlement Agreement could not be revived. See Transcript of Discovery Conference, p. 14-15, 23.

The critical factor for the court to consider is whether the nonmoving party has experienced any undue prejudice. Howey, 481 F.2d at 1190. Further, the nonmoving party "bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton 833 F.2d 183, 187 (9th Cir. 1987). There is a strong presumption under Rule 15(a) in favor of granting leave to amend if there is no prejudice or a strong showing of the other factors. Eminence Capital, 316 F.3d at 1052. I find no prejudice to defendant here in allowing the amendment. Although plaintiff has issued discovery requests, defendant has yet to fully respond. Moreover, no other discovery has taken place. Case management dates will not be affected by filing the amended complaint, as there are currently no trial or pretrial dates scheduled in this case. Significantly, defendant here does not allege any prejudice whatsoever from the proposed amendment.

Moreover, defendant does not contend that plaintiff has acted with undue delay, bad faith, or dilatory motive, nor does the court find any based on plaintiff's representation that it has just discovered these new facts. Defendant alleges only that

Page 12 - OPINION AND ORDER

plaintiff's proposed amendment is futile. Defendant's Opposition to Plaintiff's Motion for Leave to Amend, p. 2.  "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.  Sweaney v. Ada County, 119 F.3d 1385, 1393 (9th Cir. 1997)(internal quotation omitted).

Plaintiff's pleadings set forth facts in the proposed Amended Complaint sufficient to constitute a claim for fraud in the inducement.

These allegations are not futile and create issues of fact that should be litigated in the proper context.  Moreover, I note that the "purpose of pleadings is to facilitate a proper decision on the merits . . . and not to erect formal and burdensome impediments in the litigation process.  Unless some undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint."  Howey, 481 F.2d at 1190 (internal quotations and citations omitted.  Given the standard in this Circuit, that leave to amend is to be applied with "extreme liberality," particularly where, as here, there is a lack of prejudice to the opposing party, the amended complaint is not frivolous, nor is it made as a dilatory maneuver in bad faith, it is appropriate to allow the amended complaint.

<u>CONCLUSION</u>

Plaintiff's motion for summary judgment (doc. 71) is

granted.  Defendant's cross-motion for summary judgment (doc. 75)
is denied.  Further, plaintiff's motion for leave to file an
amended complaint (doc. 69) is granted.  The complaint should be
filed within ten (10) days of the date of this Order.  Any
dispositive motions are then due thirty (30) days thereafter.
Finally, the parties' request for oral argument is denied as
unnecessary.

IT IS SO ORDERED.

          Dated this  13   day of June 2007.




                    /s/ Ann Aiken
                 Ann Aiken
          United States District Judge




Page 14 - OPINION AND ORDER